IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ARKANSAS
CIVIL DIVISION

HOPE SIMMONS, Individually
and As Next friend for
ZACHARY SIMMONS, a minor                                       PLAINTIFFS

VS.                         NO. 38CV-25-163

SEAN KEVIN LARUE;
BISON EXPEDITE INCORPORATED;
and VRZ TRUCKING                                         DEFENDANTS

FILED
JUL 31 2025
2:04 PM
_____ Circuit Clerk
Lawrence Co., AR

**COMPLAINT**

COMES NOW, the Plaintiffs, Hope Simmons, individually and as next of friend for Zachary Simmons, a minor, by and through their attorneys, RAINWATER, HOLT, AND SEXTON, P.A., and for their Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1. At the time of the incident in question from which this Complaint arises, Plaintiff Hope Simmons was at all times relevant a citizen and resident of Powhatan, Lawrence County, Arkansas.

2. At the time of the incident in question from which this Complaint arises, Plaintiff Zachary Simmons was a minor.

3. Hope Simmons is the natural parent of Zachary Simmons and is authorized to act on the minor's behalf in court settings and legal processes.

1



4.  She should be allowed to serve as next friend suing for her minor son without requirement for bond as set forth in Ark. Code Ann. §16-68-303.

5.  At the time of the incident in question from which this Complaint arises, Defendant Sean Kevin Larue (hereinafter "Larue") was at all times relevant a citizen and resident of Oklahoma City, Oklahoma.

6.  Defendant Larue is believed to be the driver and/or operator of the tractor and trailer involved in the incident that caused severe bodily injuries and damages to the Plaintiffs and is the subject of this litigation.

7.  Upon Plaintiff's information and belief, Defendant Larue may be served with process at 4817 Granite Drive, Oklahoma City, Oklahoma 73179.

8.  Upon the Plaintiff's information and belief, Defendant Bison Expedite, Incorporated (hereinafter "Bison") is a domestic for-profit limited liability company headquartered in the State of Texas and is the owner and/or lessor of the tractor and trailer involved in the incident on May 4, 2024, that caused serious injuries and damages to Plaintiffs Hope and Zachary.

9.  Upon information and belief, Separate Defendant Bison was operating as a freight broker as defined in federal regulation requiring it to be registered to broker freight in interstate commerce according to the Federal Motor Safety Carrier Act.

10. Upon information and belief, Separate Defendant Bison was the "statutory employer" of Defendants VRZ Trucking and/or Defendant Larue.

11. Upon information and belief, Defendant VRZ Trucking was an agent of Defendant Bison.

12. Upon information and belief, Defendant Bison negligently selected and/or retained Defendant VRZ Trucking.

2

13. At the time of the incident in question from which this Complaint arises, Defendant VRZ Trucking (hereinafter "VRZ") was a foreign for-profit corporation headquartered in the state of Texas, principal place of business located at 434 Whitney Oaks Lane, Stafford, TX 77477 and is the owner and/or lessor of the tractor and/or trailer involved in the incident that forms the basis of this Complaint.

14. Upon Plaintiff's information and belief, VRZ was licensed as an Interstate Motor Carrier by the Federal Motor Safety Carrier SAFER report with the DOT# 2799079 at the time of the incident that forms the basis of this Complaint.

15. Upon information and belief, VRZ owns or operates 2 power units, with 2 drivers in its employment, traveling 374,248 miles per year in interstate commerce as of 2016, including doing business within the boundaries of the State of Arkansas. It is a transporter or distributor of general freight, machinery, large objects and fresh produce, according to reports made to the Federal Motor Carrier Safety Commission.

| USDOT INFORMATION | | | |
|---|---|---|---|
| Entity Type: | CARRIER | | |
| USDOT Status: | ACTIVE | Out of Service Date: | None |
| USDOT Number: | 2799079 | State Carrier ID Number: | |
| MCS-150 Form Date: | 03/18/2025 | MCS-150 Mileage (Year): | 374,248 (2016) |
| OPERATING AUTHORITY INFORMATION | | | |
| Operating Authority Status: | AUTHORIZED FOR Property | | |
| For Licensing and Insurance details click here. | | | |
| MC/MX/FF Number(s): | MC-934804 | | |
| COMPANY INFORMATION | | | |
| Legal Name: | VRZ TRUCKING | | |
| DBA Name: | | | |
| Physical Address: | 434 WHITNEY OAKS LANE STAFFORD, TX 77477 | | |
| Phone: | (832) 474-1002 | | |
| Mailing Address: | PO BOX 961 STAFFORD, TX 77497 | | |
| DUNS Number: | -- | | |
| Power Units: | 2 | Non-CMV Units: | Drivers: 2 |

Operation Classification:

| | x Auth. For Hire | Priv. Pass (Non-business) | State Gov't |
|---|---|---|---|
| | Exempt For Hire | Migrant | Local Gov't |
| | Private(Property) | U.S. Mail | Indian Nation |
| | Priv. Pass. (Business) | Fed. Gov't | |

Carrier Operation:

| | x Interstate | Intrastate Only (HM) | Intrastate Only (Non-HM) |
|---|---|---|---|

Cargo Carried:

| x General Freight | Liquids/Gases | Chemicals |
|---|---|---|
| Household Goods | Intermodal Cont. | Commodities Dry Bulk |
| Metal sheets, coils, rolls | Passengers | Refrigerated Food |
| Motor Vehicles | Oilfield Equipment | Beverages |
| Drive/Tow away | Livestock | Paper Products |
| Logs, Poles, Beams, Lumber | Grain, Feed, Hay | Utilities |
| Building Materials | Coal/Coke | Agricultural/Farm Supplies |
| Mobile Homes | Meat | Construction |
| x Machinery, Large Objects | Garbage/Refuse | Water Well |

3

16. Upon information and belief, pursuant to 49 CFR 366, *et seq*, VRZ filed a BOC-3 designation form designating a blanket company to accept service rather than register with the secretaries of state in each state they conduct business or travel through. According to the U.S. Department of Transportation Federal Motor Carrier Safety Administration Licensing and Insurance Public web page, VRZ designated Registered Agent Owner Operators Services, Inc. as its blanket company to accept service. *See* Exhibit B.

17. According to the U.S. Department of Transportation Federal Motor Carrier Safety Administration, VRZ's agent for service in Arkansas, William B. Pierce, may be served at 639 S. 7th Street, Arkadelphia, AR 71923.

18. Upon information and belief, Defendant Larue was within the scope and course of his employment with Defendant Bison and Defendant VRZ at the time of the incident.

19. The incident giving rise to this cause of action is a motor vehicle collision that occurred on May 4, 2024, at approximately 4:27 p.m., on State Highway 25 Mile Marker 16.

## II.   JURISDICTION & VENUE

20. All of the preceding statements and/or allegations contained within paragraphs 1-19 are hereby adopted and re-alleged as word for word.

21. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-14-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

22. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

### III.  BASIC PREMISE

23. This is a negligence case which arises from a motor vehicle collision that occurred on or about May 4, 2024, at approximately 4:27 p.m., on State Highway 25, Mile Marker 16.

### IV.  FACTS

24. Plaintiffs re-allege those matters as set forth in paragraphs 1-23 above, as if set forth fully herein.

25. Defendant Larue holds a commercial driver's license and was operating a commercial motor vehicle engaged in interstate transport at the time of this incident.

26. Defendant Larue was driving a 2020 Peterbilt Tractor Trailer traveling Northbound on State Highway 25 at or near Mile Marker 16 on May 4, 2024, at approximately 4:27 p.m.

27. State Highway 25 is a two-lane, undivided state highway. There were no obstructions to visibility and the weather was clear. It was daylight. The posted speed limit is 35 miles per hour.

28. At or near Mile Marker 16, the roadway curves and caution signs warn drivers to reduce speed.

29. Defendant Larue was traveling at 40 miles per hour as he approached the curve.

30. Defendant Larue did not reduce his speed as he entered the curve.

31. Defendant Larue lost control of the trailer he was hauling as he entered the curve at a speed too fast for the conditions.

32. The trailer crossed the yellow line into oncoming traffic lane.

33. On or about May 4, 2024, Plaintiff Hope Simmons was driving a 2006 Nissan Altima traveling Southbound on State Highway 25. Plaintiff Hope Simmon was eight months pregnant with Plaintiff Zachary Simmons at the time of the incident.

34. Plaintiff Hope Simmons was lawfully operating her Nissan Altima on the highway.

35. Defendant Larue's vehicle crossed the center line and collided with Plaintiff Hope Simmons' vehicle.

36. The force of the impact from Defendant Larue's Peterbilt Tractor Trailer colliding with Plaintiff's vehicle thrust Plaintiff's vehicle off the highway.

37. The impact caused injuries to both Plaintiff Hope Simmons and her then unborn child, Zachary.

38. Defendant Larue's vehicle was at all times relevant herein owned by Defendant Bison and Defendant VRZ. Defendant Bison and Defendant VRZ are the employers of Defendant Larue who was acting in the course and scope of his employment.

39. Defendants Bison and/or Defendant VRZ, as employer for Defendant Larue, controlled training for Defendant Larue on safety and driving standards, the Federal Motor Carrier Act Safety Regulations, its internal safety and driving standards, state laws and the rules of the road.

## V.   CAUSE OF ACTION NO. ONE – NEGLIGENCE OF DEFENDANT LARUE

40. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

41. Defendant was negligent in the following particulars:

   (a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

   (b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

   (c) Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f) Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(g) Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(h) Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(i) Failing to keep in a proper lane;

(j) Driving on the wrong side of the road;

(k) Otherwise failing to exercise ordinary care under the circumstances.

42. In addition, Separate Defendant Larue failed to use the ordinary and reasonable care required under the circumstances by engaging in the following separate and/or independent acts and/or omissions:

(a) Failing to obtain adequate education, direction, and preparation, as well as becoming aware of policy and guidance, prior to operating the tractor he was driving;

(b) Operating a commercial motor vehicle without the required knowledge to do so safely;

(c) Operating a commercial motor vehicle without the required skills to do so safely;

(d) Failing to look out for traffic on the interstate at any time prior to the collision;

(e) Traveling too fast for the conditions; and

(f) Failing to recognize a hazard and drive so as to prevent the hazard from turning into an emergency.

7

43.  At all times relevant, Separate Defendant Larue was a driver or operator of "commercial motor vehicles" as defined by 49 C.F.R. parts 382 et. *seq.* of the Federal Motor Carrier Safety Regulations. These federal regulations imposed certain mandatory duties and prohibitions upon Separate Defendant Larue to ensure that in driving a commercial vehicle, he conducted himself in a manner that protected public health, safety, and welfare.

44.  Defendant Larue violated the Federal Motor Safety Carrier Safety Regulations, as adopted by the Arkansas State Highway Commission Regulations, including, but not limited to:

>   (a)  Violation of § 392.2 in failing to operate a commercial vehicle in accordance with the laws, ordinances, and regulations of the State of Arkansas; and
>
>   (b)  Violation of § 392.3 providing that no driver shall operate a motor vehicle while the driver's ability and/or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause as to make it unsafe for him to begin or continue to operate a commercial motor vehicle.

45.  A reasonably careful person, operating a commercial motor vehicle under similar circumstances, would foresee devastating injuries to other persons traveling on public highways and interstates.

46.  Defendants failed to have in place and/or failed to follow adequate and proper policies and procedures for the care and safety of the commuting public.

47.  Defendants failed to have in place and/or failed to follow adequate and/or proper policies and procedures in accordance with accepted industry standards ordinarily used by companies in the same or similar business.

48.  The Arkansas Supreme Court has recognized that an employer may be held liable for the conduct of a careless, reckless and/or incompetent employee and/or independent contractor when the employer was negligent in hiring that employee and/or independent contractor. The employer may also be liable in the care of hiring an employee and/or independent contractor when

8

the employer has undertaken to perform certain duties and/or activities and negligently fails them thereafter or performs them in a negligent manner. *Stoltze v. Arkansas Valley Elec. Co-op Corp*, 354 Ark. 601, 607 127 S.W.2d 466, 470 (2003).

49.     Defendants had a duty to reasonably investigate, monitor, retain, supervise and train Separate Defendant Larue with respect to safety issues and the proper speed and operation of their tractors.

50.     As the direct, foreseeable, legal, and proximate result of the negligence of Defendants, Plaintiffs suffered serious and severe bodily injuries.

### VI.   CAUSE OF ACTION NO. TWO – NEGLIGENCE OF BISON

51.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

52.     Defendant Bison was at all times pertinent to this cause of action, the employer of Defendant Larue, and the lessor of the 2020 Peterbilt Tractor Trailer, permissively operated and driven by Defendant Larue on May 4, 2024, while carrying out the objective and purpose of Defendant Bison.

53.     Defendant Bison owned, insured, and maintained the vehicle operated by its employee Defendant Larue, and individually and through its employees and/or agents, acting in the course of their employment/agency, owed the Plaintiffs a duty to use reasonable and ordinary care.

54.     Defendant Bison and its employees and/or agents, acting in the course and scope of their employment/agency, were negligent in that they failed to use ordinary and reasonable care to maintain and operate the vehicle in a reasonably safe manner.

55. Defendant Bison and its employees and/or agents, negligence consists of, but not limited to, the following acts and omissions:

(a) Failing to use ordinary and reasonable care to properly maintain the vehicle in a reasonably safe manner;

(b) Failing to develop, implement, administer, enforce and control adequate written policies and procedures to adequately control use of company vehicle;

(c) Failing to properly and adequately supervise Defendant Larue;

(d) Failing to properly monitor, direct and control Defendant Larue's use of company vehicle(s); and

(e) Failing to properly and adequately educate, instruct, control and train Defendant Larue.

56. The negligence of Defendant Bison's written policy, procedure, custom, and business practice of permitting Defendant Larue to possess and negligently operate a company vehicle while carrying out the object and purpose of his employer's business, was the proximate cause of the above-described incident and resulting damages in the following particulars:

(a) In Defendant Larue failing to keep and proper and safe lookout;

(b) In Defendant Larue failing to keep the vehicle under proper control;

(c) In Defendant Larue failing to maintain one lane of traffic;

(d) In Defendant Larue failing to exercise ordinary care for his own safety and for the safety of others using the roadway; and,

(e) In Defendant Larue failing to take proper evasive action to avoid a collision.

57. Defendant Bison's employees'/agents' negligent acts and omissions are imputed to Separate Defendant Bison, their employer/principle under the legal doctrine of (respondeat superior).

58. Defendant Bison was negligent in the following particulars:

    (a) Failing to have adequate policies and procedures regarding its driver's driving and the proper method of lookout for other motorists on the highway;

    (b) Failing to adequately train, educate, direct, prepare, set policy and/or give guidance to its drivers regarding driving in traffic and the proper speed and distance to maintain from the vehicle in front of it;

    (c) Failing to adequately train, educate, direct, prepare, set policy or give guidance to its drivers regarding safe driving procedures;

    (d) Failing to exercise ordinary care with respect to training, educating, directing, preparing, setting policy or giving guidance to its drivers regarding safe driving practices; and

    (e) Otherwise failing to exercise ordinary care under the circumstances.

59. Defendant Bison knew or should have known by its failure to exercise reasonable care and diligence from a reasonably prudent business operations perspective, that the probability of a harmful event was foreseeable and likely to happen if adequate and reasonable steps were not implemented to control the use of company motor vehicles, and to prevent the occurrence of a similar incident as the one forming the basis of this lawsuit.

60. In addition, Defendant Bison failed to use ordinary and reasonable care required under the circumstances by engaging in the following separate and independent acts and omissions:

    (a) That Defendant Bison failed to properly train, monitor, and supervise Defendant Larue in the safe operation of the tractor when approaching other vehicles on the roadway;

    (b) That Defendant Bison failed to properly train, monitor, and supervise Defendant Larue about distracted driving;

    (c) That Defendant Bison failed to properly train, monitor, and supervise Defendant Larue about the duties imposed upon him by the FMSCA and as a holder of a CDL;

    (d) That Defendant Bison knew or should have known that Defendant Larue was not competent, satisfactory, qualified, or safety-conscious enough to operate the tractor-trailer he was employed to drive; and

    (e) That Defendant Bison misjudged and/or overestimated the skills and ability of Defendant Larue to drive the tractor-trailer.

61. Defendant Bison failed to comply with industry standards set forth by the DOT and relevant federal regulations dictated for motor carriers in properly training drivers such as Defendant Larue, which is evidence of negligence, including but not limited to the following particulars:

    (a) Failing to design, develop, and implement adequate safety management controls related to speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures, and/or fatigue and distracted driving awareness;

    (b) Failing to train Defendant Larue regarding speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasure, fatigue, and distracted driving awareness;

    (c) Failing to train, monitor, and supervise the driving habits of Defendant Larue;

    (d) Supervision of its business operations in failing to properly monitor the driving habits and records of its drivers, employees, and/or agents, specifically Defendant Larue;

    (e) Supervision of its drivers, employees, and/or agents, specifically Defendant Larue;

    (f) Instruction of its drivers, employees, and/or agents, specifically Defendant Larue;

    (g) Entrustment of its tractor-trailer to its drivers, employees, and/or agents, specifically Defendant Larue;

    (h) Entrustment of a tractor-trailer to its drivers, employees, and/or agents, specifically Defendant Larue;

    (i) Compliance with federal and/or state regulation and industry standards, as referenced in this Complaint and as developed during the discovery of this case;

(j) Failing to utilize available information and technology to properly monitor its drivers, employees, and/or agents, specifically Defendant Larue for compliance with company policies and/or state and federal regulations;

(k) Allowing Defendant Larue to operate a commercial vehicle despite knowledge of his inability to do so safely;

(l) Failing to have adequate safety management controls in place or in use to ensure compliance with the required safety fitness standard;

(m) Failing to budget an appropriate amount of money to design, develop, and implement safety management controls in the areas of speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures and fatigue and distracted driving awareness; and

(n) Failing to utilize available technology to monitor and audit the safety performance of its drivers, including Defendant Larue.

62. At all times relevant, Defendant Larue was a driver or operator of "commercial motor vehicles" as defined by C.F.R. parts 382 et seq. of the Federal Motor Carrier Safety Regulations. These federal regulations imposed certain mandatory duties and prohibitions upon Defendant Larue to ensure that in driving a commercial vehicle, he conducted himself in a manner that protected public health, safety, and welfare.

63. A reasonably careful person, operating a commercial motor vehicle under similar circumstances, would foresee that the failures in duties of care listed above would result in devastating injuries to other persons traveling on public highways and interstates.

64. That the conduct of the Defendants are in violation of state and/or federal law, including but not limited to 49 C.F.R. §383.110-123, 49 C.F.R. §390.11, 49 C.F.R. §390.3; 49 C.F.R. §392.1, 49 C.F.R. §392.14, 49 C.F.R. §392.2; 49 C.F.R. §392.3; 49 C.F.R. §392.14, 49 C.F.R. §392.7, 49 C.F.R. §396.11, 49 C.F.R. §396.17, 49 C.F.R. §396.3, A.C.A. §27-51-104, §27-51-201, §27-51-204 and §27-52-305.

65. Defendant Bison had a duty to have adequate policies and procedures in place to ensure that its employees, agents and/or contractors it allowed to drive its vehicles and handle, transport, communicate concerning and document said loads were competent, safe, adequately trained, and qualified.

66. Defendant Bison's negligence in hiring an unqualified and/or incompetent driver and/or leasing its tractor and trailer to an unqualified and/or incompetent driver, was the proximate cause of the injuries sustained by Plaintiffs.

### VII. CAUSE OF ACTION NO. THREE – NEGLIGENCE OF VRZ

67. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

68. Defendant VRZ was negligent in the following particulars:

   (a) Failing to have adequate policies and procedures regarding its driver's driving and the proper method of lookout for other motorists on the highway;

   (b) Failing to adequately train, educate, direct, prepare, set policy and/or give guidance to its drivers regarding driving in traffic and the proper speed and distance to maintain from the vehicle in front of it;

   (c) Failing to adequately train, educate, direct, prepare, set policy or give guidance to its drivers regarding safe driving practices;

   (d) Failing to exercise ordinary care with respect to training, education, directing, preparing, setting policy or giving guidance to its drivers regarding safe driving practices; and

   (e) Otherwise failing to exercise ordinary care under the circumstances.

69. In addition, Defendant VRZ failed to use ordinary and reasonable care required under the circumstances by engaging in the following separate and independent acts and omissions:

(a) That Defendant VRZ failed to properly train, monitor, and supervise Defendant Larue in the safe operation of the tractor when approaching other vehicles on the roadway;

(b) That Defendant VRZ failed to properly train, monitor, and supervise Defendant Larue about the duties imposed upon him by the FMSCA and as a holder of a CDL;

(c) That Defendant VRZ knew or should have known that Defendant Larue was not competent, satisfactory, qualified, or safety-conscious enough to operate the tractor-trailer he was employed to drive; and

(d) That Defendant VRZ misjudged and/or overestimated the skills and ability of Defendant Larue to drive the tractor-trailer.

70. That Defendant VRZ's failure to comply with industry standards set forth by the DOT and relevant federal regulations dictated for motor carriers in properly training drivers such as Defendant Larue, which is evidence of negligence, including but not limited to the following particulars:

(a) Failing to design, develop and implement adequate safety management controls related to speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures, and/or fatigue and distracted driving awareness;

(b) Failing to train Defendant Larue regarding speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures, fatigue, and distracted driving awareness;

(c) Failing to train, monitor and supervise the driving habits of Defendant Larue;

(d) Supervision of its business operations in failing to properly monitor the driving habits and records of its drivers, employees, and/or agents, specifically Defendant Larue;

(e) Supervision of its drivers, employees, and/or agents, specifically Defendant Larue;

(f) Instruction of its drivers, employees, and/or agents, specifically Defendant Larue;

(g) Entrustment of its tractor-trailer to its drivers, employees, and/or agents, specifically Defendant Larue;

(h) Entrustment of a tractor-trailer to its drivers, employees, and/or agents, specifically Defendant Larue;

(i) Compliance with federal and/or state regulation and industry standards, as referenced in this Complaint and as developed during the discovery of this case;

(j) Failing to utilize available information and technology to properly monitor its drivers, employees, and/or agents, specifically Defendant Larue for compliance with company policies and/or state and federal regulations;

(k) Allowing Defendant Larue to operate a commercial vehicle despite knowledge of his inability to do so safely;

(l) Failing to have adequate safety management controls in place or in use to ensure compliance with the required safety fitness standard;

(m) Failing to budget an appropriate amount of money to design, develop, and implement safety management controls in the areas of speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures and fatigue and distracted driving awareness; and

(n) Failing to utilize available technology to monitor and audit the safety performance of its drivers, including Defendant Larue.

71. That the conduct of the Defendants are in violation of state and/or federal law, including but not limited to 49 C.F.R. §383.110-123, 49 C.F.R. §390.11, 49 C.F.R. §390.3; 49 C.F.R. §392.1, 49 C.F.R. §392.14, 49 C.F.R. §392.2; 49 C.F.R. §392.3; 49 C.F.R. §392.14, 49 C.F.R. §392.7, 49 C.F.R. §396.11, 49 C.F.R. §396.17, 49 C.F.R. §396.3, A.C.A. §27-51-104, §27-51-201, §27-51-204 and §27-52-305.

72. Defendant VRZ had a duty to have adequate policies and procedures in place to ensure that its employees, agents, and/or contractors allowed to drive its vehicles and handle, transport, communicate concerning and document said loads were competent, safe, adequately trained, and qualified.

73. Defendant VRZ's negligence in hiring and unqualified and/or incompetent driver and/or leasing its tractor and trailer to an unqualified and/or incompetent driver, was the proximate cause of the injuries sustained by Plaintiff as set forth below.

### VIII.   CAUSE OF ACTION NO. FOUR – VICARIOUS LIABILITY

74. Defendant Larue was an employee and/or agent of Defendant Bison and/or Defendant VRZ. Accordingly, Defendant Bison and Defendant VRZ employees'/agents' negligent acts and omissions are imputed to Defendant Bison and Defendant VRZ, their employer/principal, under the legal doctrine of respondeat superior, joint enterprise, and/or the principles of agency as adopted by the State of Arkansas.

75. Defendant Larue was the driver of a commercial motor vehicle and as such is an employee of Defendant Bison and Defendant VRZ as defined by 49 C.F.R. 390.5.

### IX.   PROXIMATE CAUSATION

76. All of the allegations previously pled herein are re-alleged as through stated word-for-word.

77. The Defendant's negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiffs.

### X.   INJURIES AND COMPENSATORY DAMAGES

78. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

79. The Plaintiff Hope Simmons is entitled to the following damage:

    (a) The nature, extent, duration, and permanency of her injuries;

    (b) The full extent of the injuries she sustained;

    (c) Any pain, suffering, and mental anguish experienced in the past and reasonably certain to be experienced in the future by her;

  (d) The value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future.

  (e) Plaintiff Hope Simmons is entitled to recover from Defendants the reasonable expense for necessary medical care and treatment incurred as a result of Defendant's conduct, including but not limited to: transportation, board, and lodging necessarily incurred in securing the care, treatment, and services in the past; and

  (f) Plaintiff is entitled to recover the present value of all necessary medical care, treatment, and services, including transportation, board, and lodging expenses that is reasonably certain to be required in the future.

80.  The Plaintiff Zachary Simmons is entitled to the following damage:

  (a) The nature, extent, duration, and permanency of his injuries;

  (b) The full extent of the injuries he sustained;

  (c) Any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future by him;

  (d) The value of any earning capacity, that are reasonably certain to be lost in the future.

  (e) Plaintiff Zachary Simmons is entitled to recover from Defendants the reasonable expense for necessary medical care and treatment incurred as a result of Defendant's conduct, including but not limited to: transportation, board, and lodging necessarily incurred in securing the care, treatment, and services in the past; and

  (f) He is entitled to recover the present value of all necessary medical care, treatment, and services, including transportation, board, and lodging expenses that are reasonably certain to be required in future.

81.  The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## XI.  DEMAND FOR JURY TRIAL

82.  Plaintiff hereby demand a trial by jury.

## XII.  DEMAND & PRAYER

83.  The Plaintiff demands judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate them for their damages.

84.  Plaintiffs demand judgment against Defendants for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which they may be entitled.

Respectfully Submitted,

Attorneys for Plaintiffs

By: _____
Denise Hoggard (Ark. Bar No. 84072)
RAINWATER, HOLT, & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222
Telephone:   (501) 868 – 2500
Telefax:        (501) 868 – 2505
Hoggard@rainfirm.com